UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD JACKSON,<br><br>   Plaintiff,<br><br> vs.<br><br>VONS COMPANIES, INC., *et. al.*,<br><br>   Defendants. | Case No.: 2:23-cv-00711-GMN-NJK<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

  Pending before the Court is the Partial Motion for Summary Judgment, (ECF No. 44), filed by Defendant Vons Companies, Inc.  Plaintiff Ronald Jackson filed a Response, (ECF No. 53), to which Defendant filed a Reply, (ECF No. 58).

  For the reasons discussed below, the Court GRANTS Defendants' Motion for Summary Judgment.

**I.**  **BACKGROUND**

  In April of 2021, Plaintiff went to a Vons grocery store and attempted to sit down on an electric mobility scooter. (Pl.'s Dep. 35:22–25, Ex. to Resp., ECF No. 68).  As he sat on the seat, the seat slid off, and Plaintiff fell on a concrete floor. (*Id.* 36:1–6).  His First Amended Complaint alleged seven causes of action: (1) negligence, (2) negligent hiring, training, supervision, and policies/procedures, (3) res ipsa loquitor, (4) strict products liability, design defect, manufacturing defect, and/or failure to warn against the scooter manufacturer, (5) strict products liability, design defect, manufacturing defect, and/or failure to warn against the distributor, (6) breach of implied warranty of fitness, and (7) negligence/failure to warn. (First Am. Compl. ("FAC"), ECF No. 15).  The first three claims were brought against Defendant

Vons, who filed the instant Partial Motion for Summary Judgment on Plaintiff's second and third causes of action. (Partial Mot. Summ. J. ("MSJ"), ECF No. 44).

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quotation marks and citation omitted). In contrast, when the nonmoving party bears the burden of proving the claim

or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by "relying solely on conclusory allegations unsupported by factual data." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.  DISCUSSION

Defendant argues that it is entitled to summary judgment on Plaintiff's second and third causes of action—negligent hiring, training, supervision, and policies/procedures, and res ipsa loquitor—because Plaintiff lacks any evidence to support those claims. (Partial MSJ 3:3–11, ECF No. 44).  Plaintiff responds that genuine issues of material fact preclude summary judgment on both claims. (Resp. 6:10–7:5, ECF No. 53).

**A. Negligent Hiring, Training, Supervision, and Policies/Procedures**

Beginning with Plaintiff's second claim, Defendant argues that there is no evidence to suggest any employee was unfit for their position, and because Plaintiff failed to conduct discovery as to its policies, he is unable to prove the policies are negligent. (Partial MSJ 7:1–8:16).  Plaintiff counters that Vons employees were negligently trained or supervised in maintaining the scooters because a screw on the scooter was cracked and there is a dispute of fact as to whether employees inspected the scooter or were trained to do so. (Resp. 6:12–28).

Nevada recognizes two separate torts for negligent hiring and negligent training and supervision. *See Vaughan v. Harrah's Las Vegas, Inc.*, 238 P.3d 863 (Nev. 2008) (separately analyzing a negligent-hiring claim and one for negligent training, supervision, and retention). Because Plaintiff addresses only negligent training and supervision in his Response brief, and makes no argument and presents no evidence as to negligent hiring, the Court initially GRANTS summary judgment for Defendant on Plaintiff's negligent hiring clam.  The Court

will now move on to determine whether a genuine issue of material fact exists as to Plaintiff's negligent training.

In Nevada, a plaintiff must demonstrate "(1) a general duty on the employer to use reasonable care in the training, supervision, and retention of employees to ensure that they are fit for their positions, (2) breach, (3) injury, and (4) causation." *Lambey v. Nev. ex rel. Dep't of Health and Hum. Servs.*, No. 2:07-cv-1268-RLH-PAL, 2008 WL 2704191 at *4 (D. Nev. July 3, 2008) (citing *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) and *Jespersen v. Harrah's Operating Co.*, 280 F. Supp. 2d 1189, 1195 (D. Nev. 2002)). The plaintiff must put forward evidence of negligence, such as the employer failing to "use reasonable care in the training, supervision, and retention of its employees, to ensure their fitness for their respective positions." *Vinci v. Las Vegas Sands, Inc.*, 984 P.2d 750, 751 (Nev. 1999). This requires more than evidence of an employee's negligence. *Id.* To prevail on a negligent training or supervision claim, the plaintiff must allege facts specifically indicating how the employer violated its duty. *Colquhoun v. BHC Montevista Hospital, Inc.*, No. 2:10-cv-00144-RLH-PAL, 2010 WL 2346607, at *3 (D. Nev. June 9, 2010). "The fact that an employee acts wrongfully does not in and of itself give rise to a claim for negligent hiring, training, or supervision." *Id.*

Defendant meets its initial burden of demonstrating that Plaintiff failed to present admissible evidence, and Plaintiff does not establish that a genuine issue of material fact exists. Plaintiff's only evidence is his deposition in which he states that the screw on the scooter was cracked in half. (Pl.'s Dep. 36:7–17). Based on that, he makes the conjecture that a proper inspection should have resulted in the discovery of the broken screw. (Resp. 6:25–28). But Plaintiff failed to present evidence regarding which employee failed to inspect the scooter, whether that employee had been negligently supervised and trained, and what the store's policies were regarding maintaining the scooters. Without evidence of the store's policies, the Court is unable to determine whether the store's training, or lack of training, was the cause of

Plaintiff's injuries. Therefore, because Plaintiff failed to present evidence on the required causation element, the Court GRANTS summary judgment for Defendant on this claim.

### B. Res Ipsa Loquitor

Moving on to Plaintiff's claim for res ipsa loquitor, Defendant argues that Plaintiff lacks evidence to prove the first two elements of the claim. (Partial MSJ 8:22–9:8). "Res ipsa loquitor is an exception to the general negligence rule" that "a mere happening of an accident or injury will not give rise to the presumption of negligence." *Pate v. Wal-Mart Stores, Inc.*, No. 2:12-cv-1377-JAD-PAL, 2014 WL 3613385, at *5 (D. Nev. July 21, 2014) (citing *Woosley v. State Farm Ins. Co.*, 18 P.3d 317, 321 (Nev. 2001)). The doctrine allows a party "to infer negligence" when (1) the event is of a kind that "ordinarily does not occur in the absence of someone's negligence," (2) it is "caused by an agency or instrumentality within the exclusive control of the defendant, and (3) it was "not due to any voluntary action or contribution of the plaintiff." *Id.*

Beginning with the first element, Defendant argues that "unlike a situation where a doctor leaves a sponge in a surgery patient, the motorized scooter seat could have broken for many reasons, not all of which entail negligence." (Partial MSJ 9:4–5). For example, it could simply be that the seat was old and deteriorated due to the passage of time or use by store patrons. (*Id.* 9:6–8). Plaintiff responds that because the parties dispute how the seat came off, a dispute of material fact exists. (Resp. 7:9–14). But Plaintiff misunderstands the summary judgment standard. To create a dispute of material fact, Plaintiff must do more than rely on his conclusions and "produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan*, 929 F.2d at 1409.

Plaintiff fails to present evidence, through expert testimony or other means, to demonstrate that the breaking of the seat screw was only possible if Defendant was negligent. Therefore, the Court also GRANTS summary judgment for Defendant on this claim.

## IV.	CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Partial Motion for Summary Judgment, (ECF No. 44), is **GRANTED.**  Plaintiff's negligence claim against Defendant will go forward.

**IT IS FURTHER ORDERED** that the parties will have thirty days from the date of this Order to file a jointly proposed pretrial order pursuant to LR 16-3(b) using the form provided in LR 16-4.

**DATED** this __16__ day of October, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT