# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD JACKSON,<br><br>        Plaintiff,<br><br>vs.<br><br>VONS COMPANIES, INC., *et. al.*,<br><br>        Defendants. | Case No.: 2:23-cv-00711-GMN-NJK<br><br>**ORDER DENYING PLAINTIFF'S COUNTERMOTION FOR SPOILATION SANCTIONS** |

Pending before the Court is a Countermotion for Spoilation Sanctions, (ECF No. 67), filed by Plaintiff Ronald Jackson.  Defendant Vons filed an Opposition, (ECF No. 58). Because Vons' duty to preserve the scooter was never triggered by a notice of potential litigation, the Court DENIES Plaintiff's Motion for Sanctions.

## I.  BACKGROUND

Plaintiff attempted to sit down on an electric mobility scooter at a Vons store but was injured when the seat slid off. (Pl.'s Dep. 35:22–25, 36:1–6, Ex. to Resp., ECF No. 68).  His First Amended Complaint alleged seven causes of action, with the first three against Defendant Vons. (First Am. Compl. ("FAC"), ECF No. 15).  Vons filed a Partial Motion for Summary Judgment on Plaintiff's second and third causes of action, which the Court granted. (Partial Mot. Summ. J. ("MSJ"), ECF No. 44); (Order, ECF No. 69).  As part of his Response to the Partial Motion to Dismiss, Plaintiff also filed a Countermotion for Spoilation Sanctions, which the Court now addresses in this order.

## II.  LEGAL STANDARD

Courts have inherent authority to sanction parties for spoilation of evidence. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).  "Spoilation of evidence is the 'destruction

or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009). "This is an objective standard, asking not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Micron Technology, Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1320 (9th Cir. 2011).

## III.        <u>DISCUSSION</u>

Plaintiff's Motion for Sanctions is based on his assertion that even though Vons told the parties the cart had been preserved, Vons lost or destroyed the scooter. (Mot. Sanctions 9:1–12). Plaintiff argues that Vons had a duty to preserve the motorized scooter because it knew or had reason to know that the scooter would be relevant for potential litigation. (*Id.* 12:15–16). He claims that Vons was on notice of a potential for litigation because he filled out an incident report. (*Id.* 12:20–13:7). Plaintiff states that he is unsure what happened to the scooter but asks the Court to impose an adverse inference sanction. (*Id.* 14:1–10).

A party's duty to preserve evidence begins when litigation is "pending or reasonably foreseeable." *Micron Technology*, 645 F.3d at 1320. The mere existence of a potential claim or the distant possibility of litigation is not sufficient to trigger a duty to preserve. *Id.* Once a party is on notice of a potential claim, it is under a duty to preserve evidence which it knows, or reasonably should know, is relevant to the claim or potential litigation. *In re: Napster, Inc. v. Hummer*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).

Applying the objective standard, there is no evidence that a reasonable party in the same factual circumstance would have foreseen litigation. Plaintiff claims that Vons should have foreseen litigation because he filed an incident report. But the mere fact that an incident report was filed, without the store being notified of the plaintiff's intent to seek medical treatment, is not enough to put the store on notice. *See Brown v. Albertsons, LLC*, No. 2:16-cv-01991-JAD-

PAL, 2017 WL 1957571, at *9 (D. Nev. May 11, 2017).  The "Customer/Vendor Incident Call Center Worksheet" and "Customer Report of Incident" describe Plaintiff's injury as a fall leading to right knee scratch and cut to his right leg. (Worksheet, Ex. A to Opp., ECF No. 58-1); (Customer Report, Ex. B to Opp., ECF No. 58-2).  Vons asserts that there is no evidence that medical personnel came to the scene or that Plaintiff advised anyone at Vons that he intended to seek medical treatment. (Opp. 5:19–22, ECF No. 58).

Medical records demonstrate that Plaintiff visited Total Care Family Practice five days after the fall, but he was seen for a chronic cough and the records contain no mention of the incident or the cut on Plaintiff's leg. (*Id.* 5:23–28); (Family Practice Records, Ex. C to Opp., ECF No. 58-3).  Eleven days after the incident, Plaintiff visited a chiropractor regarding his fall. (Chiropractic Intake, Ex. D to Opp., ECF No. 58-4).  There is no evidence, however, that Vons was aware he sought medical treatment for the incident. (Opp. 6:1–7).  Defendant points out this timeline because the scooter was repaired three days after Plaintiff's fall. (Americana Invoice Electric Cart, Ex. F to Opp., ECF No. 58-6).  When the scooter was repaired, there is no evidence that Vons had knowledge that Plaintiff intended to seek medical treatment, and Plaintiff did not seek treatment for the fall until eight days after the scooter was repaired.

Plaintiff presents no evidence to refute Vons' position, nor did he file a Reply.  Because the mere existence of a possible claim is not enough, Vons was not under a duty to preserve the scooter.  Plaintiff's Motion for Sanctions is therefore DENIED.

///

///

///

///

**IV.** <u>**CONCLUSION**</u>

  **IT IS HEREBY ORDERED** that Plaintiff's Motion for Spoilation Sanctions, (ECF No. 67), is **DENIED.**

  **DATED** this   24   day of October, 2024.

          _____

          Gloria M. Navarro, District Judge
          UNITED STATES DISTRICT COURT