UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD JACKSON,<br><br>                Plaintiff,<br>    vs.<br><br>VONS COMPANIES, INC. *et al.*,<br><br>                Defendants. | Case No.: 2:23-cv-00711-GMN-NJK<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

Pending before the Court is a Motion to Dismiss, (ECF No. 78), filed by Defendant Vons Companies. Plaintiff Ronald Jackson filed a Response, (ECF No. 88). Further pending before the Court is Plaintiff's Motion to Substitute Party, (ECF No. 89), to which Defendant filed a Response, (ECF No. 90). For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss and **DENIES** the Motion to Substitute.

I.     <u>**BACKGROUND**</u>

Plaintiff alleges that he was injured when he went to a Vons grocery store and attempted to sit down on an electric mobility scooter, but the seat slid off and he fell on the floor. (*See generally* Second Am. Compl. ("SAC"), ECF No. 45). His Second Amended Complaint alleges seven causes of action: (1) negligence against all Defendants, (2) negligent hiring, training, supervision, and policies/procedures against all Defendants, (3) res ipsa loquitor against all Defendants, (4) strict products liability, design defect, manufacturing defect, and/or failure to warn against Defendant Amigo, (5) strict products liability, design defect, manufacturing defect, and/or failure to warn against an unknown distributor, (6) breach of implied warranty of fitness against Defendant Amigo, and (7) negligence/failure to warn against Defendant Amigo. (*Id.* ¶¶ 19–95). The Court granted summary judgment for Defendant Vons on claims two and three, so the only remaining cause of action against Vons is claim one

for negligence. (*See generally* Order Granting Partial Mot. Summ. J., ECF No. 69).  The Court also granted the parties' stipulation for dismissal of Defendant Amigo. (*See generally* Order Granting Stip., ECF No. 78).

On November 19, 2024, Plaintiff filed a Suggestion of Death Upon the Record as to Ronald Jackson, (ECF No. 73).  The parties filed Joint Status Reports in December and January, (ECF Nos. 74, 77), informing the Court that they were waiting on the substitution of the proper person in place of Mr. Jackson.  On February 24, 2025, Vons filed the instant Motion to Dismiss pursuant to Rule 25(a) of the Federal Rules of Civil Procedure because Plaintiff failed to move for substitution within 90 days. (*See generally* Mot. Dismiss, ECF No. 78).  About a month later, Plaintiff filed a Motion to Extend Time to Oppose the Motion to Dismiss and to file a Motion for Substitution, (ECF No. 84).  Plaintiff's counsel represented that they had not communicated with Ms. Jackson, Plaintiff's widow, for five months, because their emails were going to Mr. Jackson's inbox. (Mot. Extend 2:22–3:2).  Plaintiff's counsel further asserts that they were unable to leave phone messages, and that Ms. Jackson "erroneously believed" counsel had obtained the necessary documents needed for them to bring a Motion to Substitute. (*Id.* 3:1–10).  Counsel included Ms. Jackson's Henderson address in the motion but did not state whether they attempted to visit her residence. (*See id.*).

The Court granted the extension as to the time to oppose the Motion to Dismiss but referred the request to extend to the deadline to file a Motion to Substitute to the Magistrate Judge. (Min. Order, ECF No. 86).  The Magistrate Judge denied the Motion to Substitute for lack of points and authorities and ordered a renewed motion to be filed by April 2, 2025. (Magistrate Judge Order, ECF No. 87).  Plaintiff's counsel filed a renewed motion, asserting that Ms. Jackson was named as the Personal Representative of Mr. Jackson's estate. (Mot. Substitute 2:3–11, ECF No. 89).

## II. LEGAL STANDARD

When a party dies during the course of litigation, Federal Rule of Civil Procedure 25(a)(1) allows for the replacement of that deceased party with his "successor or representative" if "the claim is not extinguished." Fed. R. Civ. P. 25(a)(1). If a motion to substitute "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* Thus, to prevail on a motion for substitution under Rule 25(a)(1), the movant must demonstrate that: (1) the motion is timely; (2) the decedent's claim has not been extinguished; and (3) the proposed person to be substituted is "the proper party." *Id.*

## III. DISCUSSION

Vons moves for dismissal based on the assertion that Plaintiff failed to move for substitution within 90 days as required by Rule 25(a). (*See generally* Mot. Dismiss). The Court agrees. Plaintiff filed the Suggestion of Death on November 11, 2024, which gave him until February 18, 2025, to file a motion for substitution. He failed to do so, and instead filed a motion to extend the deadline over a month later.

In his Motion to Substitute, Plaintiff asserts that the Court granted an extension to file his Motion to Substitute by April 2, 2025. (Mot. Substitute 2:6–8). But the Magistrate Judge's Order merely denied the Motion to Substitute based on Plaintiff's lack of points and authorities per Local Rule 7-2(d). (Magistrate Judge Order 1:17–21). The Magistrate Judge did not explicitly grant an extension beyond the 90 days required by the rule. (*See id.*). And even if she had, Plaintiff's Motion to Substitute contains no legal argument or citation as to whether this Court may ignore the language of Rule 25(a) stating that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed." Fed. R. Civ. Pro. 25(a). Plaintiff's Motion argues only that substitution is warranted because the decedent's claims are not extinguished. (Mot. Substitute 2:20–22).

Although that may be true, and it is the second requirement for substitution, Plaintiff fails to demonstrate that his motion is timely. Accordingly, the Court DENIES Plaintiff's Motion to Substitute Party and GRANTS the Motion to Dismiss.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 78), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Substitute Party, (ECF No. 89), is **DENIED.**

The Clerk of Court is kindly requested to close this case.

**DATED** this __22__ day of April, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT